UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TERRY BERGSIEKER,

    Plaintiff,

v.

MCDONALD'S CORPORATION, et al.,

    Defendants.

No. 4:14-CV-1419 RLW

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant McVean and Ruffin's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Remand (ECF No. 13). These matters are legally intertwined, are fully briefed, and ready for disposition.

## LEGAL STANDARD FOR MOTION FOR REMAND

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts

have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## LEGAL STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## BACKGROUND

Terry Bergsieker ("Bergsieker") filed her original Charge of Discrimination with the MCHR and the Equal Employment Opportunity Commission ("EEOC") on August 28, 2012. Bergsieker only named McDonald's in her Charge of Discrimination. In the Charge particulars, Bergsieker stated that she was sexually harassed by two managers. She states that she

complained to her store manager (who was McVean in 2012, but who is not identified by name). Bergsieker does not mention Ruffin (area supervisor) by name or title in her Charge. Bergsieker stated that the last date that discrimination took place was on August 6, 2012, but marked that it was a "continuing violation." McVean and Ruffin are not the alleged harassers in this case.

On June 3, 2014, Bergsieker filed an action in the Circuit Court of the Eleventh Judicial Circuit, State of Missouri, alleging a claim for violation of the Missouri Human Rights Act ("MHRA") for hostile work environment. Bergsieker named McDonald's Corporation ("McDonald's"), Anthony McVean, and Cornelius Ruffin as defendants in her Complaint. Bergsieker alleged that McVean and Ruffin are Missouri residents. Defendant McDonald's removed that action to this Court on July 7, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1446. *See Bergsieker v. McDonald's*, 4:14cv1213 (E.D. Mo.).[1]

She filed an amended Charge of Discrimination on July 21, 2014. In her amended Charge of Discrimination, she named McDonald's, Anthony McVean, and Cornelius Ruffin. The amended Right to Sue letter was issued on July 31, 2014, and Bergsieker filed the instant lawsuit in the Circuit Court of St. Charles County against McDonald's, McVean, and Ruffin on the same day. McDonald's removed this lawsuit on August 15, 2014.

## DISCUSSION

### I. Motion to Dismiss

In her Complaint, Bergsieker alleges that McVean, as Plaintiff's supervisor and store manager, and Ruffin, as McDonald's area supervisor, "did in fact participate and/or cause or contribute to cause the illegal discrimination described herein." (Petition for Damages—Hostile Work Environment in Violation of the Missouri Human Rights Act, ECF No. 4, ¶¶3-4).

---

[1] This Court remanded Bergsieker's other lawsuit to the Circuit Court of St. Charles County.

In the Motion to Dismiss, McVean and Ruffin contend that Bergsieker failed to exhaust her administrative remedies. McVean and Ruffin maintain that there is no allegation in either Petition that they engaged in any sexually inappropriate behavior or that they took any actions related to Bergsieker in the last 180 days. (ECF No. 8 at 4). McVean and Ruffin assert that Bergsieker's attempt to amend her Charge of Discrimination and file a new lawsuit after removal are evidence of fraudulent joinder because she is "clearly [trying] to defeat diversity jurisdiction." (ECF No. 8 at 4-5). Further, McVean and Ruffin argue that Bergsieker cannot utilize an amended charge to correct her failure to name McVean and Ruffin as individual defendants because Bergsieker seeks to correct more than simply a "technical defect." (ECF No. 15 at 2-3). They maintain that they have been prejudiced because they were unable to participate in the conciliation process. (ECF No. 8 at 8-9; ECF no. 15 at 2-3).

In opposition to the Motion to Dismiss, Bergsieker asserts that her amended Charge of Discrimination relates back to the date of the original Charge of Discrimination. (ECF No. 11 at 1-6). Bergsieker contends that her amended Charge of Discrimination corrected only a "technical error" in failing to name her McDonald's supervisors instead of just McDonald's. (ECF No. 11 at 5). Likewise, Bergsieker maintains that the 180 day limit in Section 213.075.1 does not apply to her claims because her amendment relates back to the original filing date of her Charge of Discrimination, August 2012. (ECF No. 11 at 6-7).

**II.    Motion to Remand**

In support of her Motion to Remand, Bergsieker asserts that McVean and Ruffin were not fraudulently joined. She states that McVean and Ruffin are personally liable because they failed to respond to her requests for remedial action. (ECF No. 14 at 10). She claims that McVean and Ruffin's interests are aligned with McDonald's. (ECF No. 14 at 11). Further, Bergsieker argues

that McVean and Ruffin were involved (or should have been involved) in the MCHR proceedings such that they have not been prejudiced. (ECF No. 14 at 11). In fact, Bergsieker notes that McVean offered his apology during the conciliation process. (ECF No. 14 at 12). Bergsieker claims that her amendment of her Charge of Discrimination is authorized by law to related back to the date of the original charge pursuant to 8 C.S.R. §60-2.025.[2]

In response, McDonald's claims that Bergsieker's Charge of Discrimination was untimely because it was not filed within 180 of when she last experienced discrimination because she began working on May 28, 2012 and stated in her Amended Charge that the alleged harassment lasted approximately 18 months. (ECF No. 16 at 7-8 (citing Amended Charge)). McDonald's claims there can be no continuing violation because Bergsieker has not been supervised by McVean or Ruffin for more than a year. (ECF No. 16 at 8). McDonald's also maintains that Bergsieker's Amended Charge does not merely correct technical errors or omissions or amplify allegations in the original Charge because McVean and Ruffin were not named anywhere in the initial Charge. (ECF No. 16 at 8- 10(citing 8 C.S.R. §2.025(5)). Finally, McDonald's states that Bergsieker's Amended Charge does not "relate back" the original charge because the Amended Charge introduces an entirely new theory that supervisors McVean and Ruffin are individually liable for failing to stop the sexual harassment of Bergsieker's subordinants. (ECF No. 16 at 10-11).

### III. Application

---

[2] 8 C.S.R. §60-2.025 provides in relevant part: "After expiration of the time for filing an original complaint, amendment of a complaint shall also be permitted to cure technical defects or omissions and to clarify and amplify allegations made in the complaint. Amendments alleging additional acts which constitute unlawful discriminatory practices related to or growing out of the subject matter of the original complaint shall relate back to the date the complaint was first received. These amendments may join a person who was not named as a respondent in the original complaint as an additional or substitute respondent…"

"Fraudulent joinder does not exist where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir.2003) (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

As noted in *Bock v. Liberty Rest. Grp., L.P.*, 4:13CV0781 AGF, 2013 WL 4504375 (E.D. Mo. Aug. 23, 2013), under Missouri law, "'[t]he MHRA permits suit to be brought against supervisory employees ... not just against the company itself, and the failure to make [a supervisory employee] a party at the administrative action before the ... MHRC will bar suit against [a supervisory employee] only if it resulted in prejudice." *Id.*, at *2 (quoting *Hill*, 277 S.W.3d at 662). McDonald's encourages the Court to utilize the *Hill* Court's four factor test to determine if the failure of a plaintiff to name a defendant in the administrative charge is fatal to a later judicial claim against that defendant:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill*, 277 S.W.3d at 669-70 (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)). McDonald's urges this Court to apply this four factor test and analyze whether there is a "substantial identity of interest" between the parties sued and those actually named in the administrative charge in order to determine whether joinder was proper. (ECF No. 8 at 8-9; ECF No. 16 at 11-12); *see Borders v. Trinity Marine Prods., Inc.*, No. 1:10CV 146 HEA, 2010 WL 5139343, *2-3 (E.D. Mo. Dec. 9, 2010) (finding no identity of interest and denying remand based upon a finding of fraudulent joinder). However, several courts in this district have declined to adopt the four-factor "substantial identity of interest" test because "the Eighth Circuit in *Filla* mandated that the Court's inquiry is limited only to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved, not to definitively settle the ambiguous question of state law." *Jones v. Valspar Corp.*, 4:11-CV-00379-NKL, 2011 WL 3358141, at *3 (W.D. Mo. Aug. 3, 2011).

Applying the Eighth Circuit's charge in *Filla*, the Court holds that "there is arguably a reasonable basis for predicting that the state law might impose liability" on McVean in this case. *Bock*, 2013 WL 4504375, at *3 (citing *Block*, 665 F.3d at 948). The Court finds that McVean, the store manager, was identified in the Charge of Discrimination as someone to whom Bergsieker complained but who failed to take any action. (ECF No. 8-1). The Court holds that this evidence provides an arguably reasonable basis for predicting that the state courts would find that Bergsieker sufficiently exhausted her claims against McVean. *See Hill*, 277 S.W.3d at 670 (emphasis in original)(quoting *Glus*, 562 F.2d at 888)("equally important is the availability of complete redress of legitimate grievances without undue encumbrance by procedural requirements *especially when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance*."); *Jones*, 2011 WL 3358141,

at *3 (quoting *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988)("'[b]ecause persons filing charges with the [administrative agencies] typically lack legal training, those charges must be interpreted with the utmost liberality in order not to frustrate the remedial purposes of [the statute].'"). Thus, the Court follows the clear precedent in this district that the issue of whether Bergsieker's claim against McVean and Ruffin can proceed is better left for review by the state court. *See Bock*, 2013 WL 4504375, at *3; *Junk*, 628 F.3d at 446; *Filla*, 336 F.3d at 811. *Fernandez v. GMRI, Inc.*, 4:11CV00244 AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011); *Jameson v. Gough*, 4:09CV2021RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24, 2010). Further, the Court holds that there is an arguably reasonable basis for a finding that the Amended Charge merely corrected the original charge to add the name of the Store Manager and add him (and another defendant) as respondents. The Court does not believe that the Amended Charge included another theory of liability because the original charge clearly indicates that the Store Manager took no action in response to Bergsieker's complaints of harassment. Therefore, the Court remands this action to the Circuit Court of the Eleventh Judicial Circuit, State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 13) is **GRANTED**. This matter shall be remanded to the Circuit Court of the Eleventh Judicial Circuit, State of Missouri for further proceedings. An order of remand accompanies this Order.

Dated this 30th day of March, 2015.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE